Abraham and Helen **PILTCH**,
Plaintiffs,

v.

**MERRILL LYNCH, PIERCE, FENNER**
**& SMITH, INC.,** Defendant.

Civ. A. No. 88–2889 SSH.

United States District Court,
District of Columbia.

May 24, 1989.

Robert N. Levin and Susan L. Biro, Washington, D.C., for plaintiffs.

Jeffrey P. Bloom and Stuart J. Gordon, Washington, D.C., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to compel arbitration and to dismiss, and plaintiffs' opposition thereto.

Plaintiffs contracted with defendant, a licensed securities brokerage firm, to represent them in the purchase and sale of options. Plaintiffs signed a standard option agreement with defendant in 1975, providing in part that "[a]ny controversy between [the parties] arising out of such option transactions or this agreement shall be settled by arbitration before the National Association of Securities Dealers, Incorporated, or the New York Stock Exchange, or the American Stock Exchange, only." Plaintiffs dealt with defendant without discord until the fall of 1987. In October of 1987, defendant allegedly allowed plaintiffs' account to fall between the cracks, resulting in substantial damages and ultimately this dispute. In spite of the options contract, plaintiffs filed this suit for redress instead of resolving the dispute by arbitration. Defendant requests that the Court compel arbitration in accordance with the contract and to dismiss this case. The Court grants defendant's motion to compel, but denies defendant's motion to dismiss.

Defendant argues that 9 U.S.C. § 4, read in compliance with *Shearson/American Express v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), *reh'g denied*, 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 819 (1987), requires the Court to compel arbitration. Plaintiffs, on the other hand, claim that *Shearson* does not apply and that the arbitration agreement is unenforceable. Plaintiffs make two arguments in support of their position. First, plaintiffs argue that since the 1975 contract was written at a time when such exclusive agreements to arbitrate were frowned

upon by the courts and the SEC, the contract is unenforceable.[1] Second, plaintiffs claim that the arbitration agreement is unenforceable because it is in violation of the American Stock Exchange Constitution.

■ As pointed out in *Shearson,* the Court's holding in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), is tempered by the Court's series of cases that attempt to place arbitration agreements upon the same footing as other contracts and reverse judicial hostility to arbitration agreements.[2] These cases dispel the notion that *Wilko* prohibited agreements such as the agreement in this case. Thus, *Wilko* is limited to areas in which arbitration is inadequate to protect the substantive rights at issue. *Id.* 107 S.Ct. at 2340; *see also, Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974).

Plaintiffs have not presented any evidence showing that arbitration would be inadequate to protect their rights. Furthermore, given the 1974 *Scherk* decision and the 1975 amendments to § 19 of the Exchange Act (giving the SEC expansive power to ensure the adequacy of the arbitration procedures employed by self-regulatory organizations), the Court finds unpersuasive plaintiffs' argument that their 1975 contract would be held invalid under the law at the time of contracting.

■ Plaintiffs' second argument, that the arbitration agreement is in violation of the American Stock Exchange (Amex) Constitution and thus is unenforceable, also fails to persuade the Court. Plaintiffs cite Section 2 of that Constitution, which states:

Arbitrations shall be conducted under the arbitration procedures of this Exchange, except as follows: ... (c) if any of the parties to a controversy is a customer, the customer may elect to arbitrate before the American Arbitration Association in the City of New York, unless the customer has expressly agreed, in writing, to submit only the arbitration procedure of the Exchange.

Plaintiffs focus on the language stating that they "may elect to arbitrate before the American Arbitration Association," neglecting the fact that they had indeed agreed, in writing, to settle all disputes "by arbitration before the National Association of Securities Dealers, Incorporated, or the New York Stock Exchange, or the American Stock Exchange, only." (Plaintiffs' Exhibit A, the Standard Option Agreement.) Plaintiffs have not provided any information leading the Court to believe that plaintiffs were forced to sign the Options Agreement, or that the agreement was induced by fraud. In fact, they freely admit to signing the contract.

Therefore, given the Supreme Court's mandate that the Arbitration Act, 9 U.S.C. § 1, *et seq.,* requires that courts "rigorously enforce agreements to arbitrate," and in accordance with 9 U.S.C. § 4, the Court, directs plaintiffs to proceed in arbitration in accordance with the contractual agreement. *Shearson,* at 2338. (Citations omitted.)

■ Having directed the parties to proceed with arbitration, the Court addresses defendant's motion to dismiss. Defendant claims that because plaintiffs signed an enforceable arbitration agreement, plaintiffs do not have a claim on which relief may be granted. Defendant therefore requests the Court to dismiss this action under Fed.R.Civ.P. 12(b)(6). Plaintiffs, in their opposition, correctly point out that 9 U.S.C. § 3 requires the Court to stay the case pending arbitration. Section 3 states that if the Court is satisfied that "the issue

---

1. Plaintiffs mainly rely on *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). In *Wilko,* the Court held that a pre-dispute agreement could not be enforced to compel arbitration of a claim arising under § 12(2) of the Securities Act, 15 U.S.C. § 77l(2).

2. *Shearson/American Express v. McMahon,* 482 U.S. at 225, 107 S.Ct. at 2337. *See also, Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270, *reh'g denied,* 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974).

involved in such suit or proceeding is referable to arbitration under such an agreement, [it] shall ... stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...." *Id.* Therefore, a court must stay, and not dismiss, an action such as this one. *See Municipal Energy Agency v. Big Rivers Electric Corp.*, 804 F.2d 338, 342 (5th Cir.1986). Accordingly, defendant's motion to dismiss is denied and the case is stayed pending resolution of arbitration.