█ In the Matter of PAINEWEBBER, INC., et al., Appellants, v NANCY J. WEBB, Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The agreement between petitioner, a stockbroker, and respondent, its customer, provided that all controversies between the parties shall be determined by arbitration "in accordance with the rules in effect of either the New York Stock Exchange, Inc., American Stock Exchange, Inc., National Association of Securities Dealers, Inc. or where appropriate, the Chicago Board Options Exchange or National Futures Association, as the undersigned [customer] may elect." The rules of the American Stock Exchange governing arbitration, as embodied in its constitution, provide: "Unless otherwise expressly provided in an arbitration agreement between a member, member firm or member corporation and a customer, the customer may elect to arbitrate any claim or matter of difference subject to arbitration by agreement either under the arbitration procedure of this Exchange or before the American Arbitration Association in the City of New York."

Because the agreement between petitioner and respondent did not expressly provide otherwise, respondent had the option to elect to arbitrate the dispute "before the American Arbitration Association in the City of New York." The plain meaning of this language, however, requires that arbitration before the American Arbitration Association be in the City of New York and not in the City of Rochester, as demanded by petitioner.

We are aware of the case of *Hybert v Shearson Lehman/ American Express* (US Dist Ct, ND Ill [decided June 8, 1989]), where the United States District Court construed the identical language of the arbitration agreement as "describing three different arbitration procedures of the three organizations", not as referring "to their constitutions or other general provisions for resolving member disputes." We disagree. Even if it may be said that the language "in accordance with the rules" can be subject to more than one interpretation, we adhere to the interpretation most favorable to the customer. The form of agreement was supplied by PaineWebber and should, therefore, be strictly construed against it *(see,* 22 NY Jur 2d, Contracts, § 228). Had PaineWebber wished to limit the forum of the arbitration to one of the three named organizations, it could have readily done so. *(See, Piltch v Merrill Lynch,*

*Pierce, Fenner & Smith,* 714 F Supp 537, where the agreement provided that all disputes were to be settled " 'by arbitration before the National Association of Securities Dealers, Incorporated, or the New York Stock Exchange, or the American Stock Exchange, only' " [emphasis added].)

Thus, we modify the order appealed from to provide that the arbitration be stayed unless the arbitration takes place in New York City. (Appeal from order of Supreme Court, Monroe County, Curran, J.—arbitration.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.